```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :
                                                            :
                                                            :
             - v. -                                         :      22-CR-110 (VSB)
                                                            :
                                                            :      **OPINION & ORDER**
                                                            :
ERIC LESANE,                                                :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On September 13, 2022, I issued an Opinion & Order (the "September O&O") denying Defendant Eric Lesane's Motion to Suppress and to Inspect the Grand Jury Minutes. Lesane, *pro se*, now moves for reconsideration of my September O&O. (Doc. 51.) For the reasons stated below, the Defendant's motion for reconsideration is DENIED.

**I.      Factual Background and Procedural History[1]**

In September 2012, Lesane pled guilty to one count of being a felon in possession of a firearm, pursuant to 18 U.S.C. § 922(g). *United States v. Lesane*, No. 1:12-cr-524 (S.D.N.Y.). Judge Paul G. Gardephe sentenced him to 94 months' imprisonment, followed by a term of three years of supervised release. Lesane's term of supervised release began on April 6, 2021. (Doc. 20.) Under the conditions of his supervised release, Lesane was obligated to notify the probation officer to any changes in residence, and subject to "standard search and seizure conditions", including that he "shall submit his person, residence, place of business, vehicle, or any other

---

[1] I assume familiarity with the factual background of this case, and recount here only information relevant to the resolution of this motion. A more complete version of the background can be found in the September O&O. (Doc. 51.)

premises under his control to a search on the basis that the probation officer has [a] reasonable belief that contraband or evidence of a violation of the conditions of the release may be found." (*Id.*)

On January 24, 2022, the U.S. Probation Department petitioned Judge Gardephe for an expedited arrest warrant in connection with Lesane's alleged violation of two conditions of his supervised release. The first alleged violation was that Lesane "on or about December 16, 2021, and January 10, 2022 . . . failed to truthfully answer inquiries of the Probation Officer, in that he denied any changes in address", and the second that on the same dates he "failed to notify the Probation Office of a change in residence, in that he failed to report a change in address." (Doc. 20.) Judge Gardephe issued a warrant for Lesane's arrest in connection with the two alleged violations on January 24, 2022.

Pursuant to the warrant, Lesane was arrested on February 1, 2022. At the time of his arrest, law enforcement officers "seized a set of keys from Lesane's person", among other items. (Doc. 1.) Using the keys seized from Lesane, probation officers searched a room located in 2551 Hering Avenue (the "Room"). (Doc. 51.) The officers recovered, among other things, two rifles, a 9mm pistol, a semiautomatic shotgun, a "ghost" gun (a gun without a serial number that is assembled by its user), large quantities of ammunition, high-capacity magazines, a black baseball bat with barbed wire wrapped around it, what appeared to be several packages of marijuana, and $10,300.00 in cash. (*Id.*) In the Room, the officers also found a brown leather wallet containing, among other things, Lesane's BOP ID card and "other various BOP information." (*Id.*)

On May 11, 2022, Lesane filed a motion to suppress all evidence seized as a result of his arrest and to inspect his grand jury minutes. (Doc. 20.) On May 25, 2022, the Government filed

an opposition.  (Doc. 24.)  On June 17, 2022, Lesane filed a reply.  (Doc. 33.)  On July 7, 2022, I held oral argument on the matter.  (*See* Doc. 40 ("Tr.").)  On July 28, 2022, the parties filed supplemental briefing.  (Doc. 42.); Doc. 43.)  On August 5, 2022, I held a status conference, and thereafter, Lesane filed a second supplemental briefing.  (Doc. 47.)  I adjourned a conference scheduled for September 7, 2022, and on September 13, 2022 I issued an Opinion & Order denying Lesane's motion in its entirety.  (Doc. 51.)

I held a status hearing on September 21, 2022, where Lesane indicated his desire to file a Motion for Reconsideration.  (Doc. 57 at 16.)  At this hearing, Lesane also indicated that he wished to relieve attorney Jenna Dabbs as his counsel and represent himself *pro se*.  (*Id.*)  I relieved Ms. Dabbs as counsel during the hearing.  On October 21, 2022, I held a hearing where I found that Lesane had voluntarily and knowingly waived his right to be represented by counsel and had voluntarily and knowingly elected to represent himself in this criminal case and at trial.

Lesane filed his motion and memorandum of law for reconsideration on December 19, 2022.  (Doc. 63.)  The Government filed their opposition on January 9, 2023.  (Doc. 73.)

**II.      Legal Standard**

Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions "have traditionally been allowed within the Second Circuit." *United States v. Yannotti*, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006).  A motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources," *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted), and "can be granted only upon a showing of exceptional circumstances". *Kubicek v. Westchester Cnty.*, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting *Nemaizer v. Baker*, 793 F.2d

58, 61 (2d Cir.1986)).  The Second Circuit has found that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Bergerson v. New York State Off. of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 277, 288 (2d Cir. 2011) (internal quotation marks omitted).

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Tramp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). To succeed, the movant must carry the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790 (1981)).

A motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  Thus, "[r]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Christoforou v. Cadman Plaza N., Inc.*, No. 04 Civ. 08403(KMW), 2009 WL 723003, at *7 (S.D.N.Y. March 19, 2009) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)); *see also Richard Feiner & Co. v. BMG Music Spain,* No. 01 CIV. 0937 (JSR), 2003 WL 21496812, at *1 (S.D.N.Y. June 27, 2003) (cleaned up) ("New arguments . . . are not to be considered [on a

motion for reconsideration] unless there is some valid reason they could not have been previously advanced when the motion was originally argued.") The decision to grant or deny a motion for reconsideration is "addressed to the sound discretion of the district court." *Aczel v. Labonia,* 584 F.3d 52, 61 (2d Cir. 2009).

The submissions of a pro se litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). This policy of liberally construing pro se submissions is driven by the understanding that "[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983)).

### III.  Discussion

Even construing Lesane's briefing liberally, he fails to meet his heavy burden under the strict standard for reconsideration. Lesane fails to mention, let alone address, the stringent legal standard a motion for reconsideration requires. Lesane advances six arguments for why I should reconsider my September O&O: (1) he did not consent to Ms. Dabbs representing him; (2) Probation Officers planted the evidence inside the Room; (3) the warrant application was based on "false and fabricated" evidence; (4) probation had no authority to enter the Room; (5) the evidence was the product of an illegal search and seizure; and (6) he did not exhibit any behaviors or activities that would indicate that he lived in or controlled the Room.

The majority of Lesane's motion merely restates the same arguments raised in his original Motion to Suppress. (Doc. 19.) His arguments regarding the evidence submitted in

support of the warrant application, Probation's authority to enter the Room, the legality of the search and seizure of the items seized from the Room, and whether he actually resided at 2551 Hering Avenue have already been raised, litigated, and decided.  (*See,* Docs. 19, 21, 24, 51.) Lesane repeats the same arguments, occasionally with different emphasis, points of emphasis, or additional details, as were previously made in the motion to suppress.  (*See generally* Doc. 19.) As a motion for reconsideration is not "an occasion for repeating old arguments previously rejected", *Associated Press,* 395 F. Supp. 2d at 19, and Lesane does not argue that there was an "intervening change of controlling law" or the "availability of new evidence", his motion must be denied unless he can make a showing of "clear error" or that reconsideration will "prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

      Lesane fails to make an argument establishing the need to correct a clear error or prevent manifest injustice.  "In the context of a motion for reconsideration, 'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Corpac v. Rubin & Rothman*, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (cleaned up).  Further, "regardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that 'as a rule courts should be loathe to do so in the absence of *extraordinary circumstances*. . . .'" *OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd.*, 06 CIV. 9441(RWS), 2007 WL 2900225, at *1 n. 1 (S.D.N.Y. Oct. 4, 2007) (emphasis and ellipse in original) (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988)).

      I find that there is no demonstrated clear error nor extraordinary circumstances constituting manifest injustice present in this case that would justify reconsideration.  The one potential argument that could constitute "manifest injustice" is Lesane's new and unsupported

argument regarding misconduct by law enforcement, *i.e.*, the planting of evidence, and illegal tracking of his location. (Doc. 63, at 4–5.) As new arguments that could have been advanced in the initial motion are not cognizable on a motion for reconsideration, *see BMG Music Spain*, 2003 WL 21496812, at *1, these arguments are not a proper basis for reconsideration. Therefore, I find that Lesane fails to establish clear error or manifest injustice.

Lesane also makes four arguments that were not previously raised: (1) he did not consent to representation by Ms. Dabbs; (2) the key seized from him was planted by Probation and/or the Government; (3) Probation and/or the Government illegally tracked his location and used this information to "mislead" the Court; and (4) he never demonstrated any behaviors or performed any activities that would indicate or suggest that he resided at or controlled the Room. As noted previously, Lesane is barred from making for the first time in a motion for reconsideration an argument he could have raised when the underlying issue was being briefed but chose not to do so. *Associated Press*, 395 F. Supp. 2d at 20. There is no reason that Lesane could not have raised these arguments initially. Lesane, through counsel, submitted a thorough and well-argued Motion to Suppress and Inspect the Grand Jury Minutes on May 11, 2022. (Doc. 19.) Although Lesane argues that the arguments his counsel made were not exactly the arguments he would have made, that is not grounds for reconsideration. It is well established that "[r]econsideration should not be granted where the moving party seeks solely to relitigate an issue already decided; in addition, the moving party may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Christoforou,* 2009 WL 723003 (internal quotations and citations omitted). Lesane's disagreements with counsel's strategic decisions does not afford him an opportunity to remake arguments on an issue that has been litigated and decided. Accordingly, these arguments are not properly before me, and I need not make a finding on the merits of these

7

arguments.[2]

Because Lesane has failed to raise any intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or the need to prevent manifest injustice, his motion for reconsideration of the September O&O is DENIED.

## IV. Conclusion

For all the above stated reasons, it is hereby:

ORDERED that Lesane's motion for reconsideration of the September O&O is DENIED.

The Clerk of Court is respectfully directed to close ECF 63, and mail a copy of this decision to *pro se* Defendant.

SO ORDERED.

Dated: January 19, 2023
New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

---

[2] Even if I were to consider Lesane's new arguments, I would not grant reconsideration. Lesane's arguments that Probation and/or the Government's allegedly planted evidence, illegally tracked of his location, and mislead the Court are frivolous and baseless, and unsupported by the record.