```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
UNITED STATES OF AMERICA,                                          :
                                                                   :
         -v-                                                       :    22-cr-110 (LJL)
                                                                   :
ERIC LESANE,                                                       :    MEMORANDUM &
                                                                   :        ORDER
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/23/2023

LEWIS J. LIMAN, United States District Judge:

     In his Opinion and Order of September 13, 2022, Judge Broderick denied the motion of defendant Eric Lesane ("Defendant") to suppress evidence seized from 2551 Hering Avenue (the "Premises"). Dkt. No. 80. Judge Broderick concluded that the special needs exception to the Fourth Amendment applied to the search of the Premises and that the search was reasonable under that exception, regardless of the lawfulness of Defendant's arrest. *See id.* at 12. Judge Broderick also rejected Defendant's argument that the evidence seized during the search constituted fruits of an unlawful arrest on the grounds that the Government had demonstrated probable cause to conclude that Defendant had violated the terms of his supervised release, *see id.* at 16, and that, even if the Defendant's arrest were illegal, the good-faith exception would apply, *see id.* at 19–20. Among other things, the Court noted that Probation had information in its possession that Defendant had violated the terms of his supervised release, specifically, the requirement that Defendant inform Probation of any changes in his residence. *Id.* at 11. Probation had information from the New York Police Department, corroborated by surveillance evidence, that Defendant was not living at the location he had given as his residence and was instead residing at the Premises. *Id.* at 11–12.

     In a subsequent Opinion of January 19, 2023, Judge Broderick denied Defendant's motion for reconsideration of the September 13, 2022 Order. Dkt. No. 89. The Court noted that a motion for reconsideration is an extraordinary remedy and can be granted only upon a showing of exceptional circumstances. *Id.* at 3. The Court further noted that a motion for reconsideration is not an occasion for relitigating an issue that has already been decided unless the defendant can point to controlling decisions or data that the court overlooked that might reasonably be expected to alter its conclusion, the existence of an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or to prevent manifest injustice. *Id.* at 3–4. The Court held that Defendant did not satisfy those standards. *Id.* at 8.

     At the final pretrial conference in this matter held on January 20, 2023, Defendant complained that the Court rendered its decision on the motion for reconsideration without considering his reply memorandum, which did not reach the Court through the mail. He handed a copy of that reply memorandum to the Court, and the Court heard Defendant's argument in support of his motion for reconsideration. The reply memorandum has been docketed. *See* Dkt. No. 92. In an abundance of caution, and recognizing both that Judge Broderick's decision was made without the benefit of the reply memorandum and that a reply memorandum is not a

vehicle for new arguments, the Court agreed to review the reply memorandum and consider whether it provided a basis for reconsidering Judge Broderick's Opinion of January 19, 2023. The Court has now done so and concludes that Defendant's reply memorandum does not provide a basis for reconsideration of Judge Broderick's opinion. The arguments made by Defendant were all contained in the prior briefs addressed to the question of whether evidence seized from the Premises should be suppressed. To the extent that Defendant was prejudiced because the Court did not have the benefit of his reply memorandum when it rendered its decision, I have now reviewed that reply memorandum and have concluded that it does not raise any issues that would support reconsideration.[1]

SO ORDERED.

Dated: January 23, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[1] In a letter received on January 19, 2023, Defendant also objects to the Government's untimely filing of its response to his motion for reconsideration. The Government's response was due on January 2, 2023; by order of January 6, 2023, Judge Broderick noted that the Government had not responded and stated that he would proceed to a ruling on the motion for reconsideration without the benefit of the Government's response if the Government did not file one by January 9, 2023. Dkt. No. 67. On January 9, 2023, the Government filed its response. Dkt. No. 73. As noted, the Court rendered its opinion on the motion for reconsideration on January 19, 2023. Dkt. No. 89. To the extent that the memorandum was untimely, Defendant was not prejudiced. The Government memorandum did not bring anything to the attention of the Court of which the Court was not already well aware; the Government's memorandum was focused on the standards on a motion for reconsideration and issues previously raised in this case, all of which is well-trodden ground. Judge Broderick made clear that, if the Government's brief was untimely, he would decide the motion in the absence of Government briefing—he did not say that he would grant Defendant's motion. See Dkt. No. 67 at 1. And, to the extent that Defendant might have been prejudiced because the Government's late filing limited his opportunity to reply, the Court has now considered Defendant's reply and concluded that the reply would not have made a difference to the outcome of the motion for reconsideration.