UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                :

UNITED STATES OF AMERICA,         :

            -v-                  :

                                         :        22-cr-110 (LJL)

ERIC LESANE,                     :

                      Defendant.      :         ORDER

                                              :
---------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _01/26/2023__

LEWIS J. LIMAN, United States District Judge:

       The Court has attached to this Order a revised jury charge and a redline against the version distributed to the parties before the charge conference held on January 24, 2023.  The parties will have a chance to make objections to the proposed jury charge at the final charge conference on January 30, 2023 at 9:00 a.m.  Raymond Gazer, standby counsel to defendant Eric Lesane ("Defendant"), and the Government are directed to ensure that a copy of this Order and the attachments reaches Defendant.

       SO ORDERED.

Dated: January 26, 2023
      New York, New York

                                        LEWIS J. LIMAN
                            United States District Judge



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                         :

UNITED STATES OF AMERICA          :
                                         :

        - v. -                 :
                                         :

                                       :    22 Cr. 110 (LJL)

ERIC LESANE,                 :
                                       :

                     Defendant.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY CHARGE**

[January 30, 2023]

**Table of Contents**

I.   Introductory Instructions ............................................................................................ 1

    1.   Function of Court and Role of Jury ................................................................... 1

    2.   Statements of Court and Counsel Not Evidence ................................................ 2

    3.   Government Treated Like Any Other Party ....................................................... 4

    4.   The Defendant's Self-Representation ................................................................ 4

    5.   Burden of Proof; Presumption of Innocence; Reasonable Doubt ..................... 4

    6.   Direct and Circumstantial Evidence ................................................................. 5

    7.   Inferences ......................................................................................................... 7

    8.   Redaction of Evidentiary Items ....................................................................... 7

    9.   Use of Recordings ............................................................................................ 8

    10.  Stipulations ...................................................................................................... 8

    11.  Limiting Instructions ....................................................................................... 8

    12.  No Outside Communications, Outside Research, or Internet Research ............ 9

    13.  Use of Evidence Obtained Pursuant to Search ................................................. 9

    14.  Improper Considerations ................................................................................ 10

    15.  Punishment is Not to be Considered by the Jury ........................................... 10

    16.  Sympathy: Oath of Jurors .............................................................................. 11

II.  The Indictment ...................................................................................................... 11

III. Summary of the Indictment ................................................................................... 12

IV.  Variance in Dates .................................................................................................. 12

V.   Multiple Counts ..................................................................................................... 12

VI.  Count One – Possession of a Firearm After a Felony Conviction ......................... 13

    1.   Count One – Possession of a Firearm After a Felony Conviction: First Element ............ 14

    2.   Count One – Possession of a Firearm After a Felony Conviction: Second Element ........ 14

    3.   Count One – Possession of a Firearm After a Felony Conviction: Third Element ........... 16

VII. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime .......... 16

    1.   Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: First
    Element .................................................................................................................. 17

        a.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to
        Distribute Marijuana for Remuneration: First Element ...................................... 18

b.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Second Element ...................................................... 19

c.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Third Element ....................................................... 20

2.   Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Second Element .................................................................................................................... 21

3.   Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Third Element ................................................................................................................................... 23

VIII. Venue ............................................................................................................................... 23

IX.   Credibility of Witnesses .................................................................................................. 24

X.   Consideration of Defendant's Decision to Testify/Right Not to Testify ............................... 27

XI.   Testimony of Experts ....................................................................................................... 28

XII. Uncalled Witnesses .......................................................................................................... 29

XIII. Particular Investigative Techniques Not Required ......................................................... 29

XIV. Conclusion ...................................................................................................................... 29

XV. Instructions Regarding Deliberations .............................................................................. 30

1.   Right to See Exhibits and Have Testimony Read During Deliberations; Communications with the Court ......................................................................................................................... 30

2.   Note-taking by Jurors .................................................................................................... 31

3.   Duty to Deliberate; Unanimous Verdict ....................................................................... 31

4.   Verdict Form .................................................................................................................. 32

5.   Duties of Foreperson ..................................................................................................... 33

6.   Return of Verdict .......................................................................................................... 33

## I.   <u>Introductory Instructions</u>

### 1.   Function of Court and Role of Jury

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If an attorney or Mr. Lesane, acting as his own attorney, has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  I will later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence before you consists of the answers given by witnesses—the testimony they gave, as you

1

recall it—and the exhibits that were received in evidence.  The evidence does not include questions.  Only the answers are evidence.  But you may not consider any answer that I directed you to disregard or that I directed struck from the record.  Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be.  The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses.  These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness.  You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts you are the exclusive judges.  You are to perform the duty of finding the facts without bias or prejudice as to any party.

### 2.   Statements of Court and Counsel Not Evidence

As I said, in determining the facts, you must rely upon your own recollection of the evidence.  What the lawyers and the defendant have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence.  If your recollection of the facts differs from the statements made in opening or closing, you should rely on your

recollection.  If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Again, you should bear in mind that a question put to a witness is never evidence.  It is only the answer that is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

Relatedly, do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible.  Therefore, you should draw no inference from the fact that there was an objection to any evidence.  An objection is not evidence.  Nor should you draw any inference from the fact that I sustained or overruled an objection.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  That is for you to decide.

The personalities and the conduct of both counsel and Mr. Lesane are also not in any way at issue.  If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case or Mr. Lesane, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.  The only issue is whether the Government has proven each of the elements of the charged offenses beyond a reasonable doubt.

### 3.   Government Treated Like Any Other Party

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether Government or individuals, stand as equals at the bar of justice.

### 4.   The Defendant's Self-Representation

A criminal defendant has a constitutional right under the Sixth Amendment to the United States Constitution to represent himself.  The defendant's decision to exercise that right and represent himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.  You are not to draw any inferences from the defendant's decision to exercise his right to represent himself.

### 5.   Burden of Proof; Presumption of Innocence; Reasonable Doubt

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case.  The defendant has pleaded not guilty.  By doing so, he denies the charges in the Indictment.  Thus, the Government has the burden of proving the charges against the defendant beyond a reasonable doubt.  The defendant is presumed innocent.  A defendant does not have to prove his innocence.  This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The Government has the burden of proof in this case.  The presumption of innocence is removed as to the defendant if *and only if* you, as members of the jury, are satisfied that the

Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

### 6.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside.  Also assume that the courtroom shades were drawn, and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence.  Usually, such facts are established by circumstantial evidence and the reasonable

inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence.  The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

### 7.  Inferences

During the trial you may have heard the parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

### 8.  Redaction of Evidentiary Items

Some of the exhibits admitted into evidence include redactions of certain information.

7

"Redacted" means that part of the document was taken out. There is nothing unusual or improper about such redactions. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

### 9. Use of Recordings

Video recordings have been admitted into evidence. Whether you approve or disapprove of the recording may not enter your deliberations. I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's and defendant's use of this evidence is entirely lawful, and it was properly admitted into evidence at this trial. You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to see any of the videos again, they will be made available to you during your deliberations.

### 10. Stipulations

In this case you have heard evidence in the form of a stipulation of fact. A stipulation of fact is an agreement between the parties, that a certain fact or set of facts are true and you must regard such agreed facts as true. It is for you to determine the effect or weight to give those agreed-upon facts.

### 11. Limiting Instructions

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

**12. No Outside Communications, Outside Research, or Internet Research**

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media outlets, or use any other electronic tools to obtain information about this case or to help you decide the case. You must not visit any location mentioned in this case for the purpose of investigating it. Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking platforms, including Facebook, Twitter, Instagram, LinkedIn, Snapchat, and YouTube.

If you become aware that any other juror is violating this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

**13. Use of Evidence Obtained Pursuant to Search**

You have heard testimony about evidence seized in connection with searches conducted by United States Probation Officers and Deputy U.S. Marshals. Such searches were lawful and

any evidence obtained from these searches was properly admitted in this case.  It may be properly considered by you.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendant's guilt beyond a reasonable doubt.

### 14. Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  As I have explained to you, all persons are entitled to the presumption of innocence, and the Government has the burden of proof.

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### 15. Punishment is Not to be Considered by the Jury

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the

Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved the defendant's guilt beyond a reasonable doubt.

### 16. Sympathy: Oath of Jurors

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

## II.   **The Indictment**

The defendant, Eric Lesane, is formally charged in an Indictment.  An indictment is not evidence.  As I instructed you at the outset of this case, the Indictment is a charge or accusation. It merely describes the charges made against a defendant.  An indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment.  You may not consider an indictment as any evidence of the defendant's guilt.  The fact that a defendant is

the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

### III.     Summary of the Indictment

The Indictment contains two counts.  Each count charges a separate offense or crime. You must, therefore, consider each count separately and you must return a separate verdict on each count.

Count One charges Mr. Lesane with on or about February 1, 2022, knowingly possessing a firearm that had previously been transported in interstate commerce, following a conviction for a crime punishable by more than one year of imprisonment.

Count Two charges that on or about February 1, 2022, Mr. Lesane used and carried firearms during and in relation to a drug trafficking crime, namely distribution of marijuana for remuneration and possession with intent to distribute marijuana for remuneration, and that in furtherance of such crime, he possessed firearms.

### IV.     Variance in Dates

The Indictment alleges that certain conduct occurred on or about various dates.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly when the Indictment alleges.  As long as the conduct occurred around any dates the Indictment alleges it occurred, that is sufficient.

### V.     Multiple Counts

12

You must return a separate verdict of guilty or not guilty for each count charged.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense.  You must analyze and evaluate the evidence separately as to each count.

## VI.    Count One – Possession of a Firearm After a Felony Conviction

Count One charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.   That provision makes it a crime "for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  Count One of the Indictment reads:

1. On or about February 1, 2022, in the Southern District of New York, ERIC LESANE, a/k/a "Omega," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess firearms, to wit, (1) a Ruger Precision Rifle, (2) a Mossberg Rifle, and (3) a Typhoon 12 Gauge Semiautomatic Shotgun, and the firearms were in and affecting interstate commerce.

In order to sustain its burden of proof as to Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

**First**, that Mr. Lesane knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to February 1, 2022, the date he allegedly possessed the firearms;

**Second**, that on or about February 1, 2022, Mr. Lesane knowingly possessed at least one of the firearms referenced in Count One of the Indictment; and

**Third**, that the firearm or firearms that you have found that Mr. Lesane possessed was in or affecting interstate or foreign commerce.

1. **Count One – Possession of a Firearm After a Felony Conviction: First Element**

First, the Government must prove beyond a reasonable doubt that Mr. Lesane was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to the date he allegedly possessed the firearm, and that the defendant knew that he had been convicted of such a crime.

The parties have stipulated that Mr. Lesane had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that as of February 1, 2022, Mr. Lesane knew he had been convicted of such a crime.  It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the firearm as charged in the Indictment.

I instruct you that the prior conviction that is an element of the offense is only to be considered by you only for the fact that it exists and nothing else.  You may not consider the prior conviction for any other purpose or draw any inferences from it.  You may not consider the prior conviction in deciding whether Mr. Lesane knowingly possessed a firearm on or about February 11, 2021, as charged in the Indictment.

Mr. Lesane is not on trial for any prior offense.

2. **Count One – Possession of a Firearm After a Felony Conviction: Second Element**

The second element that the Government must prove beyond a reasonable doubt is that, on or about February 1, 2022, Mr. Lesane knowingly possessed at least one of the firearms alleged in Count One of the Indictment.  What do the terms "firearm," "possession," and "knowingly" mean?

Under the statute, a "**firearm**" is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  Such term does not include an antique firearm.

The legal concept of "**possession**" may differ from the everyday usage of the term, so let me explain it in some detail. Possession means having custody or control of an object. Actual possession is what most of us think of as possession, that is, having physical custody or control of an object. For example, if you find that the defendant had the gun on his person, you may find that he had possession of it. However, a person need not have actual physical custody over an object in order to be in legal possession of it. If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article. That is called constructive possession.

An example of this from everyday life would be a person's possession of items he keeps in a locker at a gym. Although the person does not have physical custody of those items, he exercises substantial control over them and so has possession of them in the eyes of the law.

The law also recognizes that possession may be sole or joint. If one person alone possesses something, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the item. This is called joint possession. If you find that Mr. Lesane had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another person.

Possession of a firearm cannot be found solely on the ground that a defendant was near the firearm or that he associated with a person who had possession of the firearm. You may consider this factor, however, in connection with all the other evidence in making your decision whether the defendant possessed a firearm. Proof of ownership of the gun is not required.

In addition, you must find that Mr. Lesane "**knowingly**" possessed the firearm. This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake.

It also means that he knew that the item he possessed was a firearm as we commonly use that word. But the Government is not required to prove that the defendant knew he was breaking the law.

In order to find the defendant guilty of Count One, you need not find the defendant possessed all of the firearms that the Government alleges he did; rather, you need only find that the defendant possessed at least one of the firearms referenced in Count One of the Indictment.

### 3. Count One – Possession of a Firearm After a Felony Conviction: Third Element

The third element that the Government must prove beyond a reasonable doubt is that the firearm that Mr. Lesane possessed was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Lesane's possession of the firearm, that firearm had traveled in interstate or foreign commerce.  In this regard, I instruct you that it is sufficient for the Government to satisfy this element by proving that at some point before the defendant's possession, the firearm moved over a state line or across the United States border.  For example, if the firearm was manufactured in another state and thus came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that the defendant himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that the defendant knew that the firearm had previously crossed a state or national border.

### VII.    Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime

Count Two charges Mr. Lesane with a firearms offense.  This count alleges a violation of Section 924(c) of Title 18 of the United States Code.  That provision makes it a crime for any person, "during and in relation to any . . . [federal] drug trafficking crime [to] use[] or carr[y] a

firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."  Count Two of the Indictment reads:

1. On or about February 1, 2022, in the Southern District of New York, ERIC LESANE, a/k/a "Omega," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the defendant, intentionally and knowingly distributed for remuneration and possessed with intent to distribute for remuneration controlled substances, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms.

For the Government to sustain its burden as to Count Two, the Government must prove the following elements beyond a reasonable doubt:

**First**, the Government must prove beyond a reasonable doubt that Mr. Lesane committed a predicate drug trafficking offense, namely distributing marijuana for remuneration or possessing with the intent to distribute marijuana for remuneration.

**Second**, that on or about February 1, 2022, Mr. Lesane used or carried a firearm, during and in relation to the specified marijuana offense that is the first element of this Count Two, or possessed a firearm, in furtherance of the specified offense charged in Count Two, or any combination of those acts;

**Third**, that Mr. Lesane acted knowingly and willfully.

1. **Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: First Element**

The predicate drug trafficking crime that the defendant allegedly used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, was distributing marijuana for remuneration or possessing marijuana with the intent to distribute it for remuneration in violation of Title 21, United States Code, Section 841.  I am going to first instruct you regarding the elements of this predicate drug trafficking crime.  As relevant here, that law provides that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute or dispense,

17

or possess with intent to manufacture, distribute, or dispense, a controlled substance." Marijuana is a controlled substance.

To sustain its burden of proof on the charge of distribution or possession with intent to distribute marijuana for remuneration, the Government must prove each of the following three elements beyond a reasonable doubt:

First, that on or about February 1, 2022, the defendant distributed marijuana for remuneration, or possessed marijuana with the intent to distribute it for remuneration.

Second, that he did so intentionally and knowingly; and

Third, that the substance involved was in fact a controlled substance, that is, a mixture or substance containing a detectable amount of marijuana.

### a. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: First Element

The first element that the Government must prove beyond a reasonable doubt is that Mr. Lesane distributed marijuana for remuneration or that he possessed marijuana with the intent to distribute it for remuneration. What do these terms "distribution . . .for remuneration" and "possession with the intent to distribute . . . for remuneration" mean?

The word "**distribution**" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass or hand over, something to another person, or to cause it to be delivered, passed on or handed over to another. The distribution must have been for remuneration. "**Remuneration**" refers to the receipt or intended receipt of payment, in money, goods, or services, in return for the marijuana.

Turning to "possession with intent to distribute for remuneration," I previously instructed you on the meaning of "possession," and you should follow those instructions here. To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

18

Possession "**with intent to distribute**" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  I have already defined for you "distribute," and you should use that definition here.

To find that a defendant had the intent to distribute for remuneration, you must find that that defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else for remuneration, which I have already defined for you.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior, including evidence of his words and actions.  However, you cannot find someone guilty unless these inferences convince you beyond a reasonable doubt that the person had the intention to distribute the marijuana for remuneration.  If someone obtained drugs for his personal use, rather than for the purpose of distribution, or delivery, to another for remuneration, that person would not be guilty of this offense.

Often it is possible to make this determination from the quantity of the substance that you find a defendant possessed, although the possession of a large quantity of marijuana does not necessarily mean that the defendant intended to distribute it for remuneration.  On the other hand, a defendant may have intended to distribute a marijuana for remuneration even if he did not possess a large amount of it.  Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such an intent.  You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant intended to distribute the marijuana that he allegedly possessed for remuneration from all of the evidence presented in this case.

   **b.  Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Second Element**

The second element that the Government must prove beyond a reasonable doubt is that Mr. Lesane distributed marijuana for remuneration or possessed marijuana with the intent to distribute it for remuneration *knowingly and intentionally*.

I previously have instructed you on the meaning of "knowingly," and you should follow those instructions here.  To reiterate, a person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness.  An act is done "**intentionally**" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or some other innocent reason.

While the defendant need not know the exact nature of the controlled substance, the Government must show that the defendant knew that the substance he possessed with intent to distribute was some kind of controlled substance.  If you find that the defendant did not know that he had a controlled substance in his possession, or that he did not know that what he possessed was, in fact, a controlled substance, then you must find the defendant not guilty.

### c.  Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Third Element

The third element that the Government must prove beyond a reasonable doubt is that the substance was in fact a controlled substance.

I instruct you that, as a matter of law, marijuana is a "controlled substance" under the federal law.  The Government need not prove the purity of the marijuana—any mixture or substance containing a detectable amount of marijuana is sufficient.  If you find that the substance involved was, in fact, marijuana, the quantity or purity of marijuana is immaterial.  So long as you find that Mr. Lesane knowingly or intentionally distributed or possessed with the intent to

distribute marijuana for renumeration, the amount involved, or its purity, is not important to your determination.

### 2. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Second Element

If you find that the Government has satisfied its burden of proof that the defendant engaged in the crime of distributing, or possessing with intent to distribute, marijuana for remuneration in violation of Title 21, United States Code, Section 841, you must turn to the remaining elements of the crime charged in Count Two. The second element the Government must prove beyond a reasonable doubt on Count Two is that, on or about February 1, 2022, the defendant used or carried a firearm, during and in relation to the predicate drug trafficking crime described above, or possessed a firearm, in furtherance of that drug trafficking crime. I have already defined "firearm" for you and you should use that definition here. I will now define the other terms in this element.

In order to prove that someone "**used**" a firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm during and in relation to the commission of the relevant crime—here, the predicate drug trafficking crime. This does not mean that the user must have actually fired or attempted to fire the weapon, although those actions would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that other people knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

In order to prove that someone "**carried**" a firearm, the Government must prove beyond a reasonable doubt that the person had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The person need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the person had

dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the predicate drug trafficking crime, you may find that the Government has proven that the individual carried the weapon.

To prove that the defendant used or carried the firearm "**during and in relation to**" a drug trafficking crime, the Government must prove the firearm had some purpose, role, or effect with respect to the drug trafficking crime.

To prove that the defendant "**possessed**" the firearm "**in furtherance of**" a drug trafficking crime, the Government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime.

I have previously instructed you on the meaning of "**possession**," and you should follow those instructions here.  To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime.  The mere presence of the firearm at the scene of the crime is not sufficient under this definition.  The firearm must have had some nexus, that is, some purpose or effect, with respect to the underlying drug offense, such as where the firearm is readily accessible to protect drugs, drug proceeds, or the drug dealer himself.  Put another way, the Government must prove that the gun afforded some advantage – actual or potential, real or contingent – relevant to the course of action of the drug trafficking.

I instruct you that distributing marijuana for remuneration or possessing marijuana with the intent to distribute it for remuneration qualifies as a drug trafficking crime under the law.

To summarize, the second element of Count Two is satisfied if the Government proves beyond a reasonable doubt any of these statutory components – use or carrying during and in relation to the crime, or possession in furtherance of it.  In order to find the defendant guilty on Count Two, you must be unanimous as to which of these statutory components applies – use, carrying, or possession, as the Court defined those terms and has instructed you on the requirements necessary to satisfy each of them.

### 3. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Third Element

The third and final element the Government must prove beyond a reasonable doubt on the firearms offense alleged in Count Two is that the defendant knew that he was using, carrying, or possessing a firearm.

I have already instructed you on the meaning of the term "**knowingly**" and you should apply those instructions here.  But to reiterate, to satisfy this element, you must find that the defendant was used, carried, or possess a firearm purposely and voluntarily, and not by accident or mistake.  In order for the Government to satisfy this element, it must prove that the defendant knew what he was doing—for example, that he knew that he was possessing or carrying a firearm in the commission of a drug distribution crime.  It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

## VIII.   <u>Venue</u>

In addition to all of the elements I have just described, you must also consider the issue of venue, namely, whether the crimes occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and several other counties north of the Bronx.

Venue is established if any act in furtherance of the charged crimes occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence. A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the conspiracy occurred in the Southern District of New York. Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime with which Mr. Lesane is charged occurred within this District.

If you find that the Government has failed to prove this venue requirement with respect to a particular charge, then you must acquit Mr. Lesane of that charge.

I'm now going to briefly discuss evaluating the credibility of witnesses.

## IX.    <u>Credibility of Witnesses</u>

You have had the opportunity to observe the witnesses. It is now your job to decide how believable or credible each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony. How do you judge the credibility of witnesses? There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection

viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experiences in life to make up credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case.  A witness may be inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at trial is truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

You have heard evidence that, at some earlier time, witnesses have said or done something that counsel or Mr. Lesane argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give

26

to the inconsistent statement in determining whether to believe all, or part of, the witness testimony.

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  In this context, the defendant is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  I have just discussed the criteria for evaluating credibility; keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

X.    **Consideration of Defendant's Decision to Testify/Right Not to Testify**

Mr. Lesane did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove Mr. Lesane guilty beyond a reasonable doubt.  That burden remains with the Government

throughout the entire trial and never shifts to Mr. Lesane.  A defendant is never required to prove that he is innocent.

You may not speculate as to why Mr. Lesane did not testify.  There are many reasons why a defendant may decide not to testify.  You may not attach any significance to the fact that Mr. Lesane did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against Mr. Lesane in any way in your deliberations in the jury room.

## XI.   Testimony of Experts

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## XII.   <u>Uncalled Witnesses</u>

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses. However, the Government bears the burden of proof, Mr. Lesane does not bear the burden of proof. Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that a criminal defendant does not have a burden or a duty to call any witness or produce any evidence.  It is the Government's burden to prove guilt beyond a reasonable doubt.

## XIII.   <u>Particular Investigative Techniques Not Required</u>

There is no legal requirement that the Government prove its case through any particular means. Although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques. The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

## XIV.   <u>Conclusion</u>

Your function now is to weigh the evidence in this case and to determine if the Government has sustained its burden of proof with respect to each count of the Indictment.

29

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

## XV.   Instructions Regarding Deliberations

### 1. Right to See Exhibits and Have Testimony Read During Deliberations; Communications with the Court

You are about to go into the jury room and begin your deliberations. A list of exhibits and the exhibits that were received into evidence will be provided to you in the jury room, with the exception of the firearms and ammunition, the currency, and the marijuana. If you would like to review any of these exhibits, you should make that request by sending me a note in the manner I will instruct you on in a moment. If you want any of the testimony read back to you, you may also request that. If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can so that we can identify the correct exhibit and because, in the case of testimony, the court reporter will have to look through the transcript, and the parties will

30

have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### 2.   Note-taking by Jurors

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

### 3.   Duty to Deliberate; Unanimous Verdict

You will now retire to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to each count charged in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all twelve jurors must be present in the jury room. If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do not report how the vote stands. If you reach a verdict do not report what it is until you are asked in open court.

### 4.  Verdict Form

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision. Please use that form to report your verdict.

### 5.  Duties of Foreperson

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### 6.  Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you.  All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

REDLINE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                :
UNITED STATES OF AMERICA                        :
                                                :
            - v. -                              :
                                                :
                                                :   22 Cr. 110 (LJL)
ERIC LESANE,                                    :
                                                :
                        Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY CHARGE**

[Date][January 30, 2023]

## Table of Contents

I.  Introductory Instructions ............................................................................................. 1

   1.  Function of Court and Role of Jury ......................................................................... 1

   2.  Statements of Court and Counsel Not Evidence ..................................................... 2

   3.  Government Treated Like Any Other Party .............................................................. 4

   4.  The Defendant's Self Representation ...................................................................... 4

   5.  Burden of Proof; Presumption of Innocence; Reasonable Doubt ........................... 4

   6.  Direct and Circumstantial Evidence ....................................................................... 5

   7.  Inferences .............................................................................................................. 7

   8.  Redaction of Evidentiary Items [If Applicable] ...................................................... 7

   9.  Use of Charts and Summaries [If Applicable] ........................................................ 8

   10. Use of Recordings and Transcripts [If Applicable] ................................................ 8

   11. Stipulations ........................................................................................................... 9

   12. Limiting Instructions [If Applicable] ...................................................................... 9

   13. No Outside Communications, Outside Research, or Internet Research .................. 9

   14. Use of Evidence Obtained Pursuant to Search ..................................................... 10

   15. Improper Considerations ...................................................................................... 10

   16. Punishment is Not to be Considered by the Jury .................................................. 11

   17. Sympathy: Oath of Jurors .................................................................................... 11

II.  The Indictment ........................................................................................................ 12

III. Summary of the Indictment ...................................................................................... 12

IV. Variance in Dates ..................................................................................................... 13

V.  Multiple Counts ....................................................................................................... 13

VI. Count One – Possession of a Firearm After a Felony Conviction ............................. 13

   1.  Count One – Possession of a Firearm After a Felony Conviction: First Element ..... 14

   2.  Count One – Possession of a Firearm After a Felony Conviction: Second Element ... 15

   3.  Count One – Possession of a Firearm After a Felony Conviction: Third Element .... 16

VII. Count Two – Possessing A Firearm In Connection With A Drug Trafficking Crime .... 17

   1. Count Two – Possessing A Firearm In Connection With A Drug Trafficking Crime: First Element ................................................................................................................. 18

a.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: First Element ................................................ 18

b.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Second Element ......................................... 20

c.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Third Element ............................................ 21

2.   Count Two – Possessing A Firearm In Connection With A Drug Trafficking Crime: Second Element ................................................................................................................ 21

3.   Count Two – Possessing A Firearm In Connection With A Drug Trafficking Crime: Third Element ................................................................................................................... 23

VIII. Venue ..................................................................................................................................... 24

IX.  Credibility of Witnesses ........................................................................................................ 25

X.   Consideration of Defendant's Decision to Testify/Right Not to Testify [If Applicable] ....... 28

XI.  Testimony of Experts ............................................................................................................. 29

XII. Uncalled Witnesses ............................................................................................................... 29

XIII. Particular Investigative Techniques Not Required ............................................................... 30

XIV. Other Acts Instruction [If Applicable] ................................................................................. 30

XV. Conclusion ............................................................................................................................. 31

XVI. Instructions Regarding Deliberations ................................................................................... 32

4.   Right to See Exhibits and Have Testimony Read During Deliberations .......................... 32

5.   Communication with the Court ....................................................................................... 32

6.   Note-taking by Jurors .................................................................................................. 3332

7.   Duty to Deliberate; Unanimous Verdict ......................................................................... 33

8.   Verdict Form .................................................................................................................. 34

9.   Duties of Foreperson ..................................................................................................... 34

10.  Return of Verdict ........................................................................................................ 3534

I.   Introductory Instructions .......................................................................................................... 1

1.   Function of Court and Role of Jury ................................................................................... 1

2.   Statements of Court and Counsel Not Evidence ............................................................... 2

3.   Government Treated Like Any Other Party ........................................................................ 4

4.   The Defendant's Self-Representation ................................................................................. 4

5.   Burden of Proof; Presumption of Innocence; Reasonable Doubt ...................................... 4

6.   Direct and Circumstantial Evidence .................................................................................. 5

7.   Inferences ........................................................................................................................... 7

iii

8. Redaction of Evidentiary Items ........................................................................... 7

9. Use of Recordings and Transcripts .................................................................... 8

10. Stipulations ...................................................................................................... 9

11. Limiting Instructions .......................................................................................... 9

12. No Outside Communications, Outside Research, or Internet Research ............ 9

13. Use of Evidence Obtained Pursuant to Search .............................................. 10

14. Improper Considerations ................................................................................ 10

15. Punishment is Not to be Considered by the Jury ........................................... 11

16. Sympathy: Oath of Jurors .............................................................................. 11

II.  The Indictment .................................................................................................... 12

III.  Summary of the Indictment ............................................................................... 12

IV.  Variance in Dates ............................................................................................. 13

V.  Multiple Counts ................................................................................................. 13

VI.  Count One – Possession of a Firearm After a Felony Conviction ................... 13

1. Count One – Possession of a Firearm After a Felony Conviction: First Element ........... 14

2. Count One – Possession of a Firearm After a Felony Conviction: Second Element ........ 15

3. Count One – Possession of a Firearm After a Felony Conviction: Third Element .......... 16

VII. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime ......... 17

1. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: First Element ............ 18

a. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: First Element ............ 18

b. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Second Element ............ 20

c. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Third Element ............ 21

2. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Second Element ............ 21

3. Count Two – Possessing a Firearm In Connection With A Drug Trafficking Crime: Third Element ............ 23

VIII. Venue ............................................................................................................... 24

IX.  Credibility of Witnesses .................................................................................... 25

X.  Consideration of Defendant's Decision to Testify/Right Not to Testify ............. 28

XI.  Testimony of Experts ....................................................................................... 29

XII. Uncalled Witnesses.................................................................................................... 29

XIII. Particular Investigative Techniques Not Required ................................................. 30

XIV. Conclusion ................................................................................................................ 31

XV. Instructions Regarding Deliberations ....................................................................... 32

    1.    Right to See Exhibits and Have Testimony Read During Deliberations; Communications with the Court.................................................................................................................. 32

    2.    Note-taking by Jurors ........................................................................................... 33

    3.    Duty to Deliberate; Unanimous Verdict .............................................................. 33

    4.    Verdict Form ......................................................................................................... 34

    5.    Duties of Foreperson ............................................................................................ 34

    6.    Return of Verdict .................................................................................................. 35

I.    **Introductory Instructions**

 1.  **Function of Court and Role of Jury**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law.  It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you.  If ~~any~~an attorney or Mr. Lesane, acting as his own attorney, has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.  And you should know that you're going to be able to take a copy of these instructions into the jury room.

Your final role is to pass upon and decide the fact issues that are in the case.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  I will later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence.  The evidence before you consists of the answers given by witnesses—the testimony they gave, as you

1

recall it—and the exhibits that were received in evidence. The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

### 2. Statements of Court and Counsel Not Evidence

As I said, in determining the facts, you must rely upon your own recollection of the evidence. What the lawyers and the defendant have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. If your recollection of the facts differs from the statements made in opening or closing, you should rely on your

recollection.  If a statement was made during an opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Again, you should bear in mind that a question put to a witness is never evidence.  It is only the answer that is evidence.  Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection.  What I say is not evidence.

Relatedly, do not conclude from any of my questions or any of my rulings on objections or anything else I have done during this trial that I have any view as to the credibility of the witnesses or how you should decide the case.

In addition, remember that it is the duty of a party to object when the other side offers testimony or other evidence that the party believes is not properly admissible.  Therefore, you should draw no inference from the fact that there was an objection to any evidence.  An objection is not evidence.  Nor should you draw any inference from the fact that I sustained or overruled an objection.  Simply because I have permitted certain evidence to be introduced does not mean that I have decided on its importance or significance.  That is for you to decide.

The personalities and the conduct of both counsel and Mr. Lesane are also not in any way at issue.  ~~If~~If, from their conduct at this trial, you formed opinions of any kind about any of the lawyers in the case or Mr. Lesane, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.  The only issue is whether the Government has proven each of the elements of the charged offenses beyond a reasonable doubt.

3

### 3.   Government Treated Like Any Other Party

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether Government or individuals, stand as equals at the bar of justice.

### 4.   The Defendant's Self-Representation

A criminal defendant has a constitutional right under the Sixth Amendment to the United States Constitution to represent himself.  The defendant's decision to exercise that right and represent himself has no bearing on whether he is guilty or not guilty, and it must not affect your consideration of the case.  You are not to draw any inferences from the defendant's decision to exercise his right to represent himself.

### 5.   Burden of Proof; Presumption of Innocence; Reasonable Doubt

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case.  The defendant has pleaded not guilty.  By doing so, he denies the charges in the Indictment.  Thus, the Government has the burden of proving the charges against the defendant beyond a reasonable doubt.  The defendant is presumed innocent.  A defendant does not have to prove his innocence.  This presumption of innocence was in the defendant's favor at the start of the trial, continued in his favor throughout the entire trial, is in his favor even as I instruct you now, and continues in his favor during the course of your deliberations in the jury room.

The Government has the burden of proof in this case.  The presumption of innocence is removed as to the defendant if *and only if* you, as members of the jury, are satisfied that the

4

Government has sustained its burden of proving the guilt of the defendant beyond a reasonable doubt.

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case—or the lack of evidence.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of the defendant's guilt, such a belief as a prudent person would not hesitate to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and under such circumstances it is your duty to convict.  On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant, that you do not have an abiding belief of the defendant's guilt—in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs—then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

### 6.  Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendant is guilty or not guilty of the crimes with which he is charged.

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse. Assume that when you came into the courthouse this morning, the sun was shining, and it was a nice day outside.  Also assume that the courtroom shades were drawn, and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence.  Usually, such facts are established by circumstantial evidence and the reasonable

inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence. The law makes no distinction between direct and circumstantial evidence.  The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

### 7.  Inferences

During the trial you may have heard the ~~attorneys~~parties use the term "inference," and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  The Government asks you to draw one set of inferences, while the defense asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience.

### 8.  Redaction of Evidentiary Items **[If Applicable]**

Some of the exhibits admitted into evidence include redactions of certain information.

"Redacted" means that part of the document ~~or audio recording~~ was taken out.  There is nothing unusual or improper about such redactions.  You are to concern yourself only with the part of the item that has been admitted into evidence.  You should not consider any possible reason why the other part of it has been deleted.

**9.   Use of Charts and Summaries [If Applicable]**

~~Some of the exhibits that were admitted into evidence were in the form of charts or summaries.  I decided to admit these charts and summaries in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  But it is up to you to decide whether the summary exhibits fairly and correctly reflect the underlying testimony and documents they purport to summarize.  To the extent that the summary exhibits conform to your understanding of the underlying evidence, you may accept them.  To the extent they do not, you should set them aside and rely on the underlying evidence instead.~~

**~~10.~~9.      Use of Recordings ~~and Transcripts [If Applicable]~~**

~~Audio and video~~Video recordings have been admitted into evidence. ~~ You were provided with transcripts as an aid, but it is the recordings that are the evidence.~~  Whether you approve or disapprove of the recording may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's and defendant's use of this evidence is entirely lawful, and it was properly admitted into evidence at this trial.  You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

If you wish to ~~hear any of the tapes again, or~~ see any of the ~~transcripts of those recordings~~videos again, they will be made available to you during your deliberations.

8

### 11.10.      Stipulations

In this case you have heard evidence in the form of a stipulation of fact.  A stipulation of fact is an agreement between the parties, that a certain fact or set of facts are true and you must regard such agreed facts as true.  It is for you to determine the effect or weight to give those agreed-upon facts.

### 12.11.      Limiting Instructions  [If Applicable]

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given and use the evidence only for the purpose I indicated.

### 13.12.      No Outside Communications, Outside Research, or Internet Research

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. As I told you at the beginning of this case, you must not conduct any independent research about this case, the matters in this case, and the parties involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, social media outlets, or use any other electronic tools to obtain information about this case or to help you decide the case.  You must not visit any location mentioned in this case for the purpose of investigating it.   Please do not try to find out information from any source outside the confines of this courtroom.

You must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends.  You may not communicate with anyone about the case on your cell phone, through email, instant messaging, text messaging, through any blog or website, through any internet chat room, or by way of any

other social networking platforms, including Facebook, Twitter, Instagram, LinkedIn, Snapchat, and YouTube.

If you become aware that any other juror is violating this instruction, you should immediately bring it to my attention through my Courtroom Deputy, Mr. Fishman, but please do not make it known to any other jurors.

### ~~14.~~13.      Use of Evidence Obtained Pursuant to Search

You have heard testimony about evidence seized in connection with ~~certain~~ searches conducted by United States Probation Officers and Deputy U.S. Marshals. Such searches were lawful and any evidence obtained from these searches was properly admitted in this case.  It may be properly considered by you.

Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful. You must therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the government has proven the defendant's guilt beyond a reasonable doubt.

### ~~15.~~14.      Improper Considerations

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendant's race, religion, national origin, sex, or age.  As I have explained to you, all persons are entitled to the presumption of innocence, and the Government has the burden of proof.

10

It would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision-making process.

To repeat, your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

### ~~16.~~15.      Punishment is Not to be Considered by the Jury

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon the defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved the defendant's guilt beyond a reasonable doubt.

### ~~17.~~16.      Sympathy: Oath of Jurors

Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: Has the Government proven the guilt of the defendant beyond a reasonable doubt?

It is for you alone to decide whether the Government has proven that the defendant is guilty of the crimes charged solely on the basis of the evidence and subject to the law as I charge you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal.  But on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

11

## II.    <u>The Indictment</u>

The defendant, Eric Lesane, is formally charged in an Indictment.  An indictment is not evidence.  As I instructed you at the outset of this case, the Indictment is a charge or accusation. It merely describes the charges made against a defendant.  An indictment is a formal method of bringing a case into court for trial and determination by a jury.  It creates no presumption that a crime was committed, and no inference of any kind may be drawn from an indictment.  You may not consider an indictment as any evidence of the defendant's guilt.  The fact that a defendant is the subject of this Indictment and is on trial here may not be used against him in any way whatsoever.

Before you begin your deliberations, you will be provided with a copy of the Indictment. I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

## III.    <u>Summary of the Indictment</u>

The Indictment contains two counts.  Each count charges a separate offense or crime. You must, therefore, consider each count separately and you must return a separate verdict on each count.

Count One charges Mr. Lesane with on or about February 1, 2022, knowingly possessing a firearm that had previously been transported in interstate commerce, following a conviction for a crime punishable by more than one year of imprisonment.

Count Two charges that on or about February 1, 2022, Mr. Lesane used and carried firearms during and in relation to a drug trafficking crime, namely distribution of marijuana for

remuneration and possession with intent to distribute marijuana for remuneration, and that in furtherance of such crime, he possessed firearms.

### IV.    <u>Variance in Dates</u>

The Indictment alleges that certain conduct occurred on or about various dates.  It is not necessary, however, for the Government to prove that any conduct alleged occurred exactly when the Indictment alleges.  As long as the conduct occurred around any dates the Indictment alleges it occurred, that is sufficient.

### V.    <u>Multiple Counts</u>

You must return a separate verdict of guilty or not guilty for each count charged.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to any other offense.  You must analyze and evaluate the evidence separately as to each count.

### VI.    <u>Count One – Possession of a Firearm After a Felony Conviction</u>

Count One charges the defendant with violating Section 922(g)(1) of Title 18 of the United States Code.   That provision makes it a crime "for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."  Count One of the Indictment reads:

1. On or about February 1, 2022, in the Southern District of New York, ERIC LESANE, a/k/a "Omega," the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess firearms, to wit, (1) a Ruger Precision Rifle, (2) a Mossberg Rifle, and (3) a Typhoon 12 Gauge Semiautomatic Shotgun, and the firearms were in and affecting interstate commerce.

13

In order to sustain its burden of proof as to Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

**First**, that Mr. Lesane knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year prior to February 1, 2022, the date he allegedly possessed the firearms;

**Second**, that on or about February 1, 2022, Mr. Lesane knowingly possessed ~~a firearm~~ at least one of the firearms referenced in Count One of the Indictment; and

**Third**, that ~~Mr. Lesane's possession of~~ the firearm or firearms that you have found that Mr. Lesane possessed was in or affecting interstate or foreign commerce.

### 1. Count One – Possession of a Firearm After a Felony Conviction: First Element

First, the Government must prove beyond a reasonable doubt that Mr. Lesane was convicted of a crime punishable by imprisonment for a term exceeding one year, in a court of the United States or any State, prior to the date he allegedly possessed the firearm, and that the defendant knew that he had been convicted of such a crime.

The parties have stipulated that Mr. Lesane had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and that as of February 1, 2022, Mr. Lesane knew he had been convicted of such a crime. It has also been stipulated that this conviction occurred prior to the time that the defendant is alleged to have possessed the firearm as charged in the Indictment.

I instruct you that the prior conviction that is an element of the offense is only to be considered by you only for the fact that it exists and nothing else. You may not consider the prior conviction for any other purpose or draw any inferences from it. You may not consider the prior

conviction in deciding whether Mr. Lesane knowingly possessed a firearm on or about February 11, 2021, as charged in the Indictment.

Mr. Lesane is not on trial for any prior offense.

### 2. Count One – Possession of a Firearm After a Felony Conviction: Second Element

The second element that the Government must prove beyond a reasonable doubt is that, on or about February 1, 2022, Mr. Lesane knowingly possessed a firearmat least one of the firearms alleged in Count One of the Indictment.  What do the terms "firearm," "possession," and "knowingly" mean?

Under the statute, a "**firearm**" is any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  Such term does not include an antique firearm.

The legal concept of "**possession**" may differ from the everyday usage of the term, so let me explain it in some detail.  Possession means having custody or control of an object.  Actual possession is what most of us think of as possession, that is, having physical custody or control of an object.  For example, if you find that the defendant had the gun on his person, you may find that he had possession of it.  However, a person need not have actual physical custody over an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object, even if he does not have the object in his physical custody at a given moment, and that person has the intent to exercise such control, then he is in legal possession of that article.  That is called constructive possession.

An example of this from everyday life would be a person's possession of items he keeps in a locker at a gym.  Although the person does not have physical custody of those items, he exercises substantial control over them and so has possession of them in the eyes of the law.

15

The law also recognizes that possession may be sole or joint.  If one person alone possesses something, that is sole possession.  However, it is possible that more than one person may have the power and intention to exercise control over the item.  This is called joint possession.  If you find that Mr. Lesane had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another person.

Possession of a firearm cannot be found solely on the ground that a defendant was near the firearm or that he associated with a person who had possession of the firearm.  You may consider this factor, however, in connection with all the other evidence in making your decision whether the defendant possessed a firearm.  Proof of ownership of the gun is not required.

In addition, you must find that Mr. Lesane "**knowingly**" possessed the firearm.  This means that the defendant possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the item he possessed was a firearm as we commonly use that word. But the Government is not required to prove that the defendant knew he was breaking the law.

In order to find the defendant guilty of Count One, you need not find the defendant possessed all of the firearms that the Government alleges he did; rather, you need only find that the defendant possessed at least one ~~firearm.  However, you must be unanimous as to which firearm or firearms the defendant possessed~~of the firearms referenced in Count One of the Indictment.

### 3.  Count One – Possession of a Firearm After a Felony Conviction: Third Element

The third element that the Government must prove beyond a reasonable doubt is that the firearm that Mr. Lesane ~~is charged with possessing~~possessed was in or affecting interstate or foreign commerce.

This means that the Government must prove that at some time before Mr. Lesane's possession~~,~~ of the firearm, that firearm had traveled in interstate or foreign commerce.  In this

regard, I instruct you that it is sufficient for the Government to satisfy this element by proving that at some point before the defendant's possession, the firearm moved over a state line or across the United States border.  For example, if the firearm was manufactured in another state and thus came from another state to New York, then it was transported or shipped in interstate commerce.

The Government does not have to prove that the defendant himself carried the firearm across a state line or the United States border, nor must the Government prove who carried it across or how it was transported.  It is also not necessary for the Government to prove that the defendant knew that the firearm had previously crossed a state or national border.

## VII.   Count Two – Possessing Aa Firearm In Connection With A Drug Trafficking Crime

Count Two charges Mr. Lesane with a firearms offense.  This count alleges a violation of Section 924(c) of Title 18 of the United States Code.  That provision makes it a crime for any person, "during and in relation to any . . . [federal] drug trafficking crime [to] use[] or carr[y] a firearm," or, "in furtherance of any such crime, [to] possess[] a firearm."  Count Two of the Indictment reads:

> 1. On or about February 1, 2022, in the Southern District of New York, ERIC LESANE, a/k/a "Omega," the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, the defendant, intentionally and knowingly distributed for remuneration and possessed with intent to distribute for remuneration controlled substances, knowingly did use and carry firearms, and in furtherance of such crime, did possess firearms.

For the Government to sustain its burden as to Count Two, the Government must prove the following elements beyond a reasonable doubt:

**First**, the Government must prove beyond a reasonable doubt that Mr. Lesane committed a predicate drug trafficking offense, namely distributing marijuana for remuneration or possessing with the intent to distribute marijuana for remuneration.

17

**Second**, that on or about February 1, 2022, Mr. Lesane used or carried a firearm, during and in relation to the specified marijuana offense that is the first element of this Count Two, or possessed a firearm, in furtherance of the specified offense charged in Count Two, or any combination of those acts;

**Third**, that Mr. Lesane acted knowingly and willfully.

### 1. Count Two – Possessing ~~A~~a Firearm In Connection With A Drug Trafficking Crime: First Element

The predicate drug trafficking crime that the defendant allegedly used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, was distributing marijuana for remuneration or possessing marijuana with the intent to distribute it for remuneration in violation of Title 21, United States Code, Section 841.  I am going to first instruct you regarding the elements of this predicate drug trafficking crime.  As relevant here, that law provides that "it shall be unlawful for any person knowingly or intentionally to manufacture, distribute or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  Marijuana is a controlled substance.

To sustain its burden of proof on the charge of distribution or possession with intent to distribute marijuana for remuneration, the Government must prove each of the following three elements beyond a reasonable doubt:

<u>First</u>, that on or about February 1, 2022, the defendant distributed marijuana for remuneration, or possessed marijuana with the intent to distribute it for remuneration.

<u>Second</u>, that he did so intentionally and knowingly; and

<u>Third</u>, that the substance involved was in fact a controlled substance, that is, a mixture or substance containing a detectable amount of marijuana.

### a. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: First Element

The first element that the Government must prove beyond a reasonable doubt is that Mr. Lesane distributed marijuana for remuneration or that he possessed marijuana with the intent to distribute it for remuneration.  What do these terms "distribution . . .for remuneration" and "possession with the intent to distribute . . . for remuneration" mean?

The word "**distribution**" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass or hand over, something to another person, or to cause it to be delivered, passed on or handed over to another.  The distribution must have been for remuneration.  "**Remuneration**" refers to the receipt or intended receipt of payment, in money, goods, or services, in return for the marijuana.

Turning to "possession with intent to distribute for remuneration," I previously instructed you on the meaning of "possession," and you should follow those instructions here.  To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object. Possession "**with intent to distribute**" simply means the possession of a controlled substance with the intention or purpose to "distribute" it to another person or persons.  I have already defined for you "distribute," and you should use that definition here.

To find that a defendant had the intent to distribute for remuneration, you must find that that defendant had in mind or planned in some way to deliver or transfer possession or control over a controlled substance to someone else for remuneration, which I have already defined for you.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior, including evidence of his words and actions.  However, you cannot find someone guilty unless these inferences convince you beyond a reasonable doubt that the person had the intention to distribute the marijuana for remuneration.  If someone obtained drugs

for his personal use, rather than for the purpose of distribution, or delivery, to another for remuneration, that person would not be guilty of this offense.

Often it is possible to make this determination from the quantity of the substance that you find a defendant possessed, although the possession of a large quantity of marijuana does not necessarily mean that the defendant intended to distribute it for remuneration. On the other hand, a defendant may have intended to distribute a marijuana for remuneration even if he did not possess a large amount of it. Other physical evidence, such as paraphernalia for the packaging or processing of drugs, can show such an intent. You should make your decision whether the Government has proved beyond a reasonable doubt that the defendant intended to distribute the marijuana that he allegedly possessed for remuneration from all of the evidence presented in this case.

### b. Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Second Element

The second element that the Government must prove beyond a reasonable doubt is that Mr. Lesane distributed marijuana for remuneration or possessed marijuana with the intent to distribute it for remuneration *knowingly and intentionally*.

I previously have instructed you on the meaning of "knowingly," and you should follow those instructions here. To reiterate, a person acts "knowingly" if he acts intentionally and voluntarily and not because of ignorance, mistake, accident, or carelessness. An act is done "**intentionally**" if it is done deliberately and purposefully; that is, the defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or some other innocent reason.

While the defendant need not know the exact nature of the controlled substance, the Government must show that the defendant knew that the substance he possessed with intent to

distribute was some kind of controlled substance. If you find that the defendant did not know that he had a controlled substance in his possession, or that he did not know that what he possessed was, in fact, a controlled substance, then you must find the defendant not guilty.

      **c.   Predicate Drug Trafficking Crime – Distribution or Possession with the Intent to Distribute Marijuana for Remuneration: Third Element**

The third element that the Government must prove beyond a reasonable doubt is that the substance was in fact a controlled substance.

I instruct you that, as a matter of law, marijuana is a "controlled substance" under the federal law. The Government need not prove the purity of the marijuana—any mixture or substance containing a detectable amount of marijuana is sufficient. If you find that the substance involved was, in fact, marijuana, the quantity or purity of marijuana is immaterial. So long as you find that Mr. Lesane knowingly or intentionally distributed or possessed with the intent to distribute marijuana for renumeration, the amount involved, or its purity, is not important to your determination.

      **2.   Count Two – Possessing A̶a Firearm In Connection With A Drug Trafficking Crime: Second Element**

If you find that the Government has satisfied its burden of proof that the defendant engaged in the crime of distributing, or possessing with intent to distribute, marijuana for remuneration in violation of Title 21, United States Code, Section 841, you must turn to the remaining elements of the crime charged in Count Two. The second element the Government must prove beyond a reasonable doubt on Count Two is that, on or about February 1, 2022, the defendant used or carried a firearm, during and in relation to the predicate drug trafficking crime described above, or possessed a firearm, in furtherance of that drug trafficking crime. I have already defined "firearm" for you and you should use that definition here. I will now define the other terms in this element.

In order to prove that someone "**used**" a firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm during and in relation to the commission of the relevant crime—here, the ~~marijuana offense charged in Count Two.~~predicate drug trafficking crime. This does not mean that the user must have actually fired or attempted to fire the weapon, although those actions would obviously constitute use of the weapon. Brandishing, displaying, or even referring to the weapon so that other people knew that the defendant had the firearm available if needed all constitute use of the firearm. The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

In order to prove that someone "**carried**" a firearm, the Government must prove beyond a reasonable doubt that the person had the weapon within his control so that it was available in such a way that it furthered the commission of the crime. The person need not have held the firearm physically, that is, have had actual possession of it on his person. If you find that the person had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the predicate drug trafficking crime, you may find that the Government has proven that the individual carried the weapon.

To prove that the defendant used or carried the firearm "**during and in relation to**" a drug trafficking crime, the Government must prove the firearm had some purpose, role, or effect with respect to the drug trafficking crime.

To prove that the defendant "**possessed**" the firearm "**in furtherance of**" a drug trafficking crime, the Government must prove that the defendant had possession of the firearm and that such possession was in furtherance of that crime.

22

I have previously instructed you on the meaning of "**possession**," and you should follow those instructions here.  To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

To possess a firearm in furtherance of the crime means that the firearm helped forward, advance, or promote the commission of the crime.  The mere presence of the firearm at the scene of the crime is not sufficient under this definition.  The firearm must have had some nexus, that is, some purpose or effect, with respect to the underlying drug offense, such as where the firearm is readily accessible to protect drugs, drug proceeds, or the drug dealer himself.  Put another way, the Government must prove that the gun afforded some advantage – actual or potential, real or contingent – relevant to the course of action of the drug trafficking.

I instruct you that distributing marijuana for remuneration or possessing marijuana with the intent to distribute it for remuneration qualifies as a drug trafficking crime under the law.

To summarize, the second element of Count Two is satisfied if the Government proves beyond a reasonable doubt any of these statutory components – use or carrying during and in relation to the crime, or possession in furtherance of it.  In order to find the defendant guilty on Count Two, you must be unanimous as to which of these statutory components applies – use, carrying, or possession, as the Court defined those terms and has instructed you on the requirements necessary to satisfy each of them.

3.  **Count Two – Possessing ~~A~~a Firearm In Connection With A Drug Trafficking Crime: Third Element**

The third and final element the Government must prove beyond a reasonable doubt on the firearms offense alleged in Count Two is that the defendant knew that he was using, carrying, or possessing a firearm.

23

I have already instructed you on the meaning of the term "**knowingly**" and you should apply those instructions here.  But to reiterate, to satisfy this element, you must find that the defendant was used, carried, or possess a firearm purposely and voluntarily, and not by accident or mistake.  In order for the Government to satisfy this element, it must prove that the defendant knew what he was doing—for example, that he knew that he was possessing or carrying a firearm in the commission of a drug distribution crime.  It is not necessary, however, for the Government to prove that the defendant knew that he was violating any particular law.

## VIII.   Venue

In addition to all of the elements I have just described, you must also consider the issue of venue, namely, whether the crimes occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and several other counties north of the Bronx.

Venue is established if any act in furtherance of the charged crimes occurred in the Southern District of New York.

I should note that on this issue—and this issue alone—the Government need not prove venue beyond a reasonable doubt, but only by a mere preponderance of the evidence.  A "preponderance of the evidence" means that the Government must prove that it is more likely than not that any act in furtherance of the conspiracy occurred in the Southern District of New York.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime with which Mr. Lesane is charged occurred within this District.

If you find that the Government has failed to prove this venue requirement with respect to a particular charge, then you must acquit Mr. Lesane of that charge.

24

I'm now going to briefly discuss evaluating the credibility of witnesses.

### IX.    Credibility of Witnesses

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable or credible each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.  How do you judge the credibility of witnesses?  There is no magic formula.

You should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, the impression the witness made when testifying, the relationship of the witness to the controversy and the parties, the witness's bias or impartiality, the reasonableness of the witness's statement, the strength or weakness of the witness's recollection viewed in light of all other testimony and evidence, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given and all of the other evidence in the case.  You should use your common sense, your good judgment, and your everyday experiences in life to make up credibility determinations.

In passing upon the credibility of a witness, you may also take into account any inconsistencies or contradictions as to material matters in his or her testimony.

If you find that any witness has willfully testified falsely as to any material fact, you have the right to reject the testimony of that witness in its entirety.  On the other hand, even if you find that a witness has testified falsely about one matter, you may reject as false that portion of his or her testimony and accept as true any other portion of the testimony which commends itself to your belief or which you may find corroborated by other evidence in this case.  A witness may be

inaccurate, contradictory, or even untruthful in some aspects, and yet be truthful and entirely credible in other aspects of his or her testimony.

The ultimate question for you to decide in passing upon credibility is: did the witness tell the truth before you?  It is for you to say whether his or her testimony at trial is truthful in whole or in part.

In deciding whether to believe a witness, you should specifically note any evidence of hostility or affection that the witnesses may have towards one of the parties.  Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party.  You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case.

It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony.  In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care and subject it to close and searching scrutiny.

Of course, the mere fact that a witness is interested in the outcome of the case does not mean he or she has not told the truth.  It is for you to decide from your observations and applying your common sense and experience and all the other considerations mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony.  You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

[You have heard evidence that, at some earlier time, witnesses have said or done something that counsel or Mr. Lesane argues is inconsistent with their trial testimony.

Evidence of a prior inconsistent statement was placed before you not because it is itself evidence of the guilt or innocence of the defendant, but only for the purpose of helping you decide

whether to believe the trial testimony of a witness who may have contradicted a prior statement. If you find that the witness made an earlier statement that conflicts with the witness's trial testimony, you may consider that fact in deciding how much of the witness's trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.][**Include Only if Applicable**].

[It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all, or part of, the witness testimony.][**Include Only if Applicable**].

[You have heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.  Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be made aware of the subjects that he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  In fact, it would be unusual for a lawyer to call a witness without such consultation.  Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.][**Include Only if Applicable**]

27

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  In this context, the defendant is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses.  By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.  You also have to decide which witnesses to believe and which facts are true.  To do this you must look at all the evidence, drawing upon your own common sense and personal experience.  I have just discussed the criteria for evaluating credibility; keep in mind that the burden of proof is always on the Government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

## X.   <u>Consideration of Defendant's Decision to Testify/Right Not to Testify</u> [If Applicable]

Mr. Lesane did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove Mr. Lesane guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to Mr. Lesane.  A defendant is never required to prove that he is innocent.

28

You may not speculate as to why Mr. Lesane did not testify.  There are many reasons why a defendant may decide not to testify.  You may not attach any significance to the fact that Mr. Lesane did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against Mr. Lesane in any way in your deliberations in the jury room.

## XI.     Testimony of Experts

Certain witnesses were offered as experts and permitted to express their opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept the testimony of an expert merely because I allowed the witness to testify as an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

## XII.    Uncalled Witnesses

You have heard the names of several people during the course of the trial who did not appear here to testify and one or more of the attorneys may have referred to their absence.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  However, the Government bears the burden of proof, Mr. Lesane does not bear the burden of proof.  Therefore, you should not draw any inferences or reach any conclusions as to what these persons would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should, however, remember my instruction that a criminal defendant does not have a burden or a duty to call any witness or produce any evidence.  It is the Government's burden to prove guilt beyond a reasonable doubt.

## XIII.    <u>Particular Investigative Techniques Not Required</u>

There is no legal requirement that the Government prove its case through any particular means.  Although you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.   Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.

## XIV.    <s>Other Acts Instruction [If Applicable]</s>

<s>The Government has offered evidence relating to the defendant's [XXXX][**To Include Specific Other Acts Evidence**].  In that connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment.</s>

~~Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed the crimes charged. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. The evidence of the defendant's [XXXX] was admitted for a much more limited purpose and you may consider it only for that limited purpose, namely [XXXX].~~

~~Evidence of these acts may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that because the defendant committed the other acts he must also have committed the acts charged in the Indictment.~~

## ~~XV.~~XIV.    Conclusion

Your function now is to weigh the evidence in this case and to determine if the Government has sustained its burden of proof with respect to each count of the Indictment.

You must base your verdict solely on the evidence, and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence. Both sides are entitled to a fair trial. You are to make a fair and impartial decision so that you come to a just verdict.

31

## ~~XVI.~~XV.    Instructions Regarding Deliberations

**1. Right to See Exhibits and Have Testimony Read During Deliberations: Communications with the Court**

~~All of~~You are about to go into the jury room and begin your deliberations.  A list of exhibits and the exhibits that were received into evidence will be ~~given~~provided to you ~~near the start of deliberations.~~

in the jury room, with the exception of the firearms and ammunition, the currency, and the marijuana.  If you ~~prefer to listen~~would like to ~~or view any evidence here in the courtroom~~review any of these exhibits, you ~~can~~should make that request ~~that.~~by sending me a note in the manner I will instruct you on in a moment.  If you want any of the testimony read back to you, you may also request that.  If you want to see an exhibit or if you want testimony read back to you, please try to be as specific as you possibly can ~~in requesting portions of the~~ so that we can identify the correct exhibit and because, in the case of testimony, ~~because~~ the court reporter will have to look through the transcript, and the parties will have to agree on what portions of testimony may be called for in response to your request, and if they disagree, I must resolve those disagreements.  If you have any questions regarding my instructions to you, you should also send me a note.

~~2.  Communication with the Court~~

Your requests for exhibits or testimony—in fact any communications with the Court—should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In

any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

### 3.2. Note-taking by Jurors

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may—as I just told you—request that the official trial transcript that has been made of these proceedings be read back to you.

### 4.3. Duty to Deliberate; Unanimous Verdict

You will now retire to decide the case.  Your function is to weigh the evidence in this case and to determine the guilt or lack of guilt of the defendant with respect to each count charged in the Indictment.  You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement.  Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.  Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to prejudice or favor for either party, and follow my instructions on the law.

When you are deliberating, all twelve jurors must be present in the jury room.  If a juror is absent, you must stop deliberations.

Again, your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors.  Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors.  No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans.  You are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands.  If you reach a verdict do not report what it is until you are asked in open court.

### ~~5.~~4.Verdict Form

I have prepared a verdict form for you to use in guiding your deliberation and recording your decision.  Please use that form to report your verdict.

### ~~6.~~5.Duties of Foreperson

The first thing you should do when you retire to deliberate is take a vote to select one of you to sit as your foreperson, and then send out a note indicating whom you have chosen.

The foreperson doesn't have any more power or authority than any other juror, and his or her vote or opinion doesn't count for any more than any other juror's vote or opinion.  The foreperson is merely your spokesperson to the court.  He or she will send out any notes, and when

the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and you will come into open court and give the verdict.

### 7.6.Return of Verdict

After you have reached a verdict, your foreperson will fill in and date the form that has been given to you.  All jurors must sign the form reflecting each juror's agreement with the verdict. The foreperson should then advise the marshal outside your door that you are ready to return to the courtroom.

I will stress that each of you must be in agreement with the verdict which is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.