```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                               :
                                                               :
                                                               :
UNITED STATES OF AMERICA,                                      :
                                                               :
                                                               :
                                                               :
        -v-                                                    :     22-cr-110 (LJL)
                                                               :
                                                               :
                                                               :
ERIC LESANE,                                                   :     MEMORANDUM &
                                                               :         ORDER
                                                               :
        Defendant.                                             :
                                                               :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/13/2023

LEWIS J. LIMAN, United States District Judge:

Defendant Eric Lesane ("Lesane" or "Defendant"), proceeding *pro se*, has moved for the return of property seized by law enforcement at the time of his arrest pursuant to the execution of a search warrant at his residence. Dkt. No. 146. The Government responds that it will continue to maintain custody of the evidence seized during the investigation of the Defendant that resulted in the charges against the him until the conclusion of the Defendant's appellate challenge to his conviction and that, if the conviction is affirmed, it will return all non-contraband property belonging to him. Dkt. No. 148.

During the pendency of a criminal case, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property, may move for the property's return" pursuant to Federal Rule of Criminal Procedure 41(g). Fed. R. Crim. P. 41(g). "[A]fter the conclusion of the underlying criminal case," a complaint seeking the "return of seized property a is properly treated as commencing a civil action pursuant to 28 U.S.C. § 1346, rather than as a

motion pursuant to Fed. R. Crim. P. Rule 41(e)."[1] *Toure v. United States*, 24 F.3d 444, 445 (2d Cir. 1994) (per curiam); *see Onwubiko v. United States*, 969 F.2d 1392, 1397 (2d Cir. 1992) ("Where criminal proceedings against the movant have already been completed, a district court should treat a rule 41(e) motion as a civil complaint."); *United States v. Hawkins*, 2021 WL 292750, at *5 (S.D.N.Y. Jan. 28, 2021) (same).

Under either posture, however, "[a] defendant's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property." *Lavin v. United States*, 299 F.3d 123, 128 (2d Cir. 2002). Among other things, the defendant must show that the property which he seeks to have returned was the product of an illegal seizure "or the government's need for the property as evidence has ended." *United States v. Handler*, 2023 WL 2584217, at *2 (S.D.N.Y. Mar. 21, 2023) (quoting *United States v. Brennerman*, 2023 WL 24256, at *5 (S.D.N.Y. Jan. 3, 2023) (Sullivan, J.)).

The judgment in this case was entered on September 12, 2023. Dkt. No. 142. Lesane has filed a notice of appeal and the record on appeal has been transmitted to the Second Circuit. Dkt. No. 143. However, regardless of whether the request is treated as one under Rule 41(g) or as a civil action, it is without merit. The Government represents that it is retaining the property seized from Lesane to use as evidence in the event that his conviction is overturned and that it will return all non-contraband property belonging to him in the event that the conviction is affirmed. Accordingly, his request for return of property is denied without prejudice to renewal should:

---

[1] Rule 41 was reorganized in 2002 and Rule 41(e) was redesignated as Rule 41(g) without substantive change. *See, e.g.*, *De Almeida v. United States*, 459 F.3d 377, 380 n.2 (2d Cir. 2006). "Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g)." *Id.*

(1) the conviction be affirmed; and (2) the Government has failed to return to him the non-contraband property belonging to him after the conviction has become final.

SO ORDERED.

Dated: December 13, 2023
      New York, New York

                                          LEWIS J. LIMAN
                                   United States District Judge